IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

WASHINGTON STARZ LLC

and

MOHAMMED S. ALAM

 *Plaintiffs,*

v.

MERCEDES-BENZ USA, LLC

 Please serve:
 CT Corporation System
 4701 Cox Road, Ste 285
 Glen Allen, VA 23060

 *Defendant.*

## COMPLAINT

NOW into Court, through undersigned counsel, come the Plaintiffs Washington Starz LLC and Mohammed S. Alam and move the Court for judgment against Mercedes-Benz USA, LLC, based on the following facts and law:

## JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, as the Plaintiff Mohammed S. Alam is a citizen of Alexandria City, Virginia (Fairfax County). Plaintiff Washington Starz LLC is a limited liability company owned by Plaintiff Mohammed S. Alam with a registered office address in Alexandria City, Virginia (Fairfax County). Defendant, Mercedes-Benz USA, LLC is a corporation

organized under the laws of Delaware with a principal place of business located in Sandy Springs, Georgia. The amount in controversy exceeds $75,000.

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S.C. § 1331. Plaintiffs assert a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312. The amount in controversy exceeds $50,000.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S.C. § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On August 30, 2023, Plaintiff purchased a new 2024 Mercedes GLE450E4 from Mercedes-Benz of Alexandria, an authorized sales and warranty service and repair agent of Defendant Mercedes-Benz USA, LLC. The total delivered price of the vehicle was $83,873.91.

5. On September 15, 2023, the vehicle's "*check engine*" light came on. The subject vehicle was returned to Mercedes-Benz of Alexandria, an authorized sales and warranty service and repair agent of Defendant Mercedes-Benz USA, LLC, with 666 miles on the odometer for a warranty defect repair attempt. Several electrical defects and malfunctions were detected, and repairs were attempted. The vehicle was out of service for approximately two weeks due to this warranty defect repair attempt.

6. The subject vehicle was returned to Mercedes-Benz of Alexandria, an authorized sales and warranty service and repair agent of Defendant Mercedes-Benz USA, LLC on November 29, 2023, with the "*check engine*" light illuminated once again. The Defendant's authorized warranty service and repair agent has attempted to repair the vehicle but is unable to do so as of the filing of this Complaint. The subject vehicle has been out of service due to unsuccessful repair attempts of warranty defects for 52 days and continuing as of the filing of this Complaint. The defective conditions continue to exist.

## COUNT ONE:
## VIOLTIONS OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT
## VIRGINIA CODE 59.1-207.9, et. seq. ("*Lemon Law*")

7. The allegations of paragraphs 1-6 are re-pled and incorporated herein by reference.

8. The Plaintiffs are consumers as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereinafter referred to as the "*Virginia Lemon Law*"). Virginia Code § 59.1-207.11, et seq. The Defendant is a manufacturer as defined under the Act and has received due notice under the same statute.

9. The Virginia Lemon Law requires a manufacturer to "*make such repairs as are necessary to conform the vehicle to such warranty*" that are provided to the consumer.

10. Defendant Mercedes-Benz USA, LLC has been unable to repair Plaintiffs' vehicle after a reasonable number of attempts. The vehicle has been out of service for approximately 66 days and continuing. Specifically, Virginia Code § 59.1-207.13(B)(3) provides that "*it shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is*

*significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer…the motor vehicle is out of service due to repair for a cumulative total of thirty calendar days.*" It is therefore presumed that the Plaintiffs' vehicle has been subject to repair a reasonable number of attempts and the vehicle is significantly impaired in its use, market value, and safety.

11. Plaintiffs seek to recover as damages the purchase price of the vehicle in the amount of $83, 873.91 as well as all finance charges, incidental costs, compensation in the amount of $25,000 for inconvenience and loss of use, or a comparable replacement vehicle to the Plaintiffs, whichever they may choose, reasonable attorney fees in the amount of $600 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, and court costs. See, Virginia Code §59.1-207.14.

## COUNT TWO:
## VIOLATIONS OF THE MAGNUSON-MOSS ACT
## 15 U.S. Code § 2301

12. The allegations of paragraphs 1-6 are re-pled and incorporated herein by reference.

13. Plaintiffs are consumers as defined in 15 U.S.C. § 2301(3). The Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(1).

14. The subject vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to Plaintiffs as a part of the purchase, as those warranties meet the definition of a written warranty and implied warranty as contained in 15 U.S.C. § 2301-(7) respectively.

15. The warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time

and has refused to provide Plaintiffs with a refund as required in 15 U.S.C. § 2304(a)(1) and (4).

16. The Defendant has also breached its Implied Warranty of Merchantability since the vehicle, in view of the nonconformities that exist, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle was sold and is being used. U.S.C. § 2308, 2010(d).

WHEREFORE, Plaintiffs Washington Starz LLC and Mohammed S. Alam move this Honorable Court to enter judgment in their favor against Defendant Mercedes-Benz USA, LLC in the amount of $83, 873.91 as well as all finance charges, incidental costs, compensation in the amount of $25,000 for inconvenience and loss of use, or a comparable replacement vehicle to the Plaintiffs, whichever they may choose, reasonable attorney fees in the amount of $600 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, court costs, pre-judgment interest running from the date of the first repair attempt, post-judgment interest, and all other damages equity and/or law may seem meet.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

Washington Starz LLC and
Mohammed S. Alam
/s/ James B. Feinman

James B. Feinman, Esq. (VSB No. 28125)
James B. Feinman, Attorney at Law
P.O. Box 697
Lynchburg, VA 24505

Ph: (434) 846-7603
Fax: (434) 846-0158
jb@jfeinman.com